Petitioner. Council for Petitioner. Mr. Volker. Good morning, Your Honors. Should I proceed? Yes, please. Thank you very much. Good morning, Your Honors. My name is Stephen Volker. I represent the petitioners Backcountry Against Dumps et al. Our petition presents a single, albeit two-part, issue. Did the respondent Federal Aviation Administration, or FAA, comply with its public notice and comment regulations when it, one, invited comment on aeronautical studies for 72 wind turbines, each 586 feet tall, proposed to be constructed atop 10 miles of the coast range in Southern California, but did not provide notice to petitioners, and then, two, refused to file, review, and decide petitioners' timely administrative petition for review on the sole grounds that petitioners had not submitted comments on the proposal? The answer is no. Petitioners were entitled to notice of the comment period on this proposal. Because this required notice was not provided, petitioners were not given the opportunity to state their aeronautical objections to the project during the comment period. Counsel, so if I understand correctly, your client had previously submitted comments that were considered by the agency. Is that correct? Yes. In 2020, Your Honor, petitioners had submitted comments, and when those comments were considered, but the proposal was approved without addressing many of the comments, petitioners then filed a timely administrative petition for review, which ultimately was granted. The previous approvals of the determinations of no hazard were set aside, and the acting manager, George Gonzalez, who issued that decision, directed that the FAA should, in the future, disseminate its further notices in this matter in accordance with FAA Order 7400.2, which is, of course, the order on which we primarily rely in this case. However, contrary to a manager, Gonzalez's direction, the FAA failed to proceed as directed by its reviewing manager. I'm curious, do you, is it your position that the agency did not consider your comments when you submitted them to the FAA? No, the comments were not addressed, and we had expected in the ensuing review and further aeronautical study that the comments would be addressed, but when we received that study, ultimately, we saw they had not been addressed, so we filed a second petition for 2021, and the FAA then declined to consider that petition for review on the grounds that petitioners had not submitted a second set of comments on the project, and the reason, of course, as I explained, was that petitioners did not receive notice of that invitation for review. Judge Gould, if I could interject a question, please, to get your perspective on this. Did the agency give any substantive reason for its not considering your petition, your second petition, other than their procedural? No, that's an excellent question, Your Honor, and no substantive grounds were given as far as we can surmise. Our second petition for review was dismissed out of hand on the sole grounds stated by the FAA in rejecting it as invalid. Okay, so now my question is this, we normally give a federal agency like the FAA substantial deference on its decisions in circumstances where they decide something on the merits based on their specialized expertise and maybe experts they have. My question here is, is there any Ninth Circuit or Supreme Court precedent addressing whether or what level of deference, if any, our panel should give to a procedural decision by the FAA to more or less say you waived your right to comment? I'm not aware of any precedent that would support the conclusion that waiver had occurred. On the Supreme Court, that holds to the contrary that an agency is constrained to comply with its rules and regulations. In this case, the plain language of both the operative rules as well as their purpose supports petitioners. If I might just elaborate, Your Honor, there are two controlling regulations. The first is 14 CFR section 77.37 which provides if you provided a substantive comment on a proposal in an aeronautical study or have a substantive aeronautical comment on the proposal but were not given an opportunity to state it, you may petition the FAA for a discretionary review of a determination. So that is exactly what we have here. Petitioners provided a substantive comment in 2020. Additionally, they had further comments to submit in 2021 but were unable to submit them because they did not receive notice from the FAA as it was required to provide. Counsel, was notice provided via the FAA website? I am not aware that there was notice. We actually checked in early 2021 a couple times, saw no notice, but we were relying on the manager, Gonzalez's ruling that the FAA should circulate any further aeronautical study for comment in accordance with FAA order 7400.2 which is, as we've explained in the briefs and is evident on the face of that document, has mandatory language that where a civic group organization and individuals who may not have a specific aeronautical case must be included in the notice distribution and given supplemental notice of actions and proceedings. How did your clients find out about the first study? You commented successfully there on time and I saw some representation in your reply brief that you learned about it from a concerned citizen. Is that correct? Yes, absolutely. Apparently, one of the members of the community, although not a member of Back Country itself, who was an aviator, had received notice and mentioned that to a member of Back Country. We were novices at that point in the whole process, but we learned as a result of our exposure to the FAA process that it had rules and that after a manager, Gonzalez, directed that the rule be complied with and we saw that the rule required notice to us, we were waiting for receipt of such a notice as we believe we were entitled to do before submitting a further round of comments. Had we received the notice, of course, we would have submitted the comments. We do fall within 14 CFR section 77.37 that we had substantive aeronautical comments on this proposal but were not given an opportunity to state it and thus are entitled to it. If notice was provided on the website, and I know you think it wasn't, but if it were the case that notice was publicly provided on the website, would you still be entitled to personalized notice under this FAA order? Yes, because the rules require that under FAA order 7400.2 paragraph 6-3-17 C6, where a civic group organization and individuals who do not have an aeronautical interest but may become involved in specific aeronautical cases must be included in the notice distribution now notice distribution in this case means that they're entitled to particularize or personalized notice. The FAA was familiar with what form is that notice given in by mail or email or some other notification? Well, it would have to be one of those surely because we had filed our documents extensive hundreds of pages of comments and administrative petition via the normal procedures that are that are recognized by the FAA. And just as in a court proceeding where there is a service list based on the submissions by counsel, so too in the case of the FAA, they keep track of who has submitted an administrative petition, for example, and then provides notice of the decision as was done in this case in late 2020. We expected that we would receive comparable notice in the event that a subsequent aeronautical study were released. Does the FAA under this provision 6 have any discretion as to whom it gives notice to? No, it has a duty under order 7400.2 paragraph 6 3 17 c 6 to to make sure that individuals organizations and civic groups such as ours who are known to have an interest in a specific aeronautical case must be included in the notice distribution. And it further provides they must be given supplemental notice of actions and proceedings relating to that matter. So there's really no question but that those are words of mandatory duty must be included. So there's there's no question here that it's not a discretionary duty. The whole purpose, of course, is to engage the public to advance the interest of public aviation safety as opposed to impeding it by by not providing notice where required by its own rules to those who are most vitally concerned and impacted by a decision. Council, I have another question for you. Yes. I want to know, it's fundamental that an agency is required to follow its own rules. So from your argument, do I take it that you think here the agency disregarded its own rules of procedure in the J.O. or in our regulations? Yes, I think that's an accurate recitation of the facts in this case is that the agency gave no regard both to the rule and to Manager Gonzalez's reminder in his order reversing the FAA's initial determinations of no hazard that further notices in that case should conform to Order 7400.2. So we have it in two ways, both the plain language of the regulations and additionally we have, if there were any lingering doubt about the meaning of those, we have Manager Gonzalez's clarification that yes, in this particular case that rule must be followed. Thank you. All right, Council, we'll give you a couple of minutes for rebuttal. Thank you very much. We'll hear from the government. May it please the court, Carolyn Lopez on behalf of the government. To just begin with some of the questions that Judge Gould was asking, I want to take us back out to the framework that applies to purely procedural challenges under this court's case law and steamboaters. And so there where there's a purely procedural challenges here, the question is both whether or not the agency substantially complied with its regulations, which I can get into in a second, and also that the court will not hear such cases unless petitioners can also show substantial prejudice. And for the reasons we outlined in our brief, and I'll take each in turn if that would be helpful to this court, we think that petitioners can't prevail on either. So as to the first question of whether or not FAA substantially complied with its own regulations, the relevant regulation here that we've been talking about is the provision that has to do with whether they can deny on procedural grounds a petition for discretionary administrative review because somebody did not have the opportunity to provide a substantial aeronautical comment. And here, the petitioners did have an opportunity to provide a substantial aeronautical comment for a couple of reasons. First, it was publicly posted on FAA's website, which is all that is required, and well, actually not required, actually. FAA can sometimes choose not to. But where in the record is that? Because we have an amicus that's attached some websites but I'm not sure where we would know that. Sure, Your Honor. So in the notice of hazard, so it's undisputed actually that there was public notice on the website, and it's in the notice of hazard determinations themselves. I believe the citation is 2ER104, but it's in that notice of hazard determination. We provide the citation in our brief that says public notice was provided on the website, and today, counsel for petitioners has just said that he didn't personally see it, not disputed, and it is not disputed in the brief that it was on the public website. But counsel, that begs the question as to whether they were entitled to individual notice. What's your response to whether or not the regulation compelled the agency to give them individual notice? Absolutely, and I have two responses to that, if I might take them in turn, one having to do with the order and one having to do with the regulations language. So turning first to the order, that order is actually suffused with discretion. Yes, there is the must language, but also that provision. Doesn't that order use the word should? It says should give notice? Absolutely, Your Honor. So the order says should give notice. The order also says that with respect to these types of potential commentators, FAA should give notice only as appropriate, and it said that that notice should be given on a case-by-case basis. And all of those things point into the same direction that FAA does have discretion in particular cases whether or not to provide notice. Is the discretion unlimited, though, or are there some outer bounds here? These are certainly not those outer bounds, Your Honor, but we do believe that FAA does have discretion whether or not to circularize to individual folks. The one caveat has to do with some of the other folks there, which include the sponsor, and that actually comes from other parts of the order which are binding, which have to do with providing the sponsor with notice. Right, but even within this part of the order that we've been most focused on, subsection 6, which does use the language as appropriate, are there times in which it is indeed appropriate to provide the notice? So in its discretion, FAA could determine that it was appropriate. So for example, if FAA didn't have, if its public website was down and there was no sort of way to provide the public generally with notice, it might determine in its discretion that it was an appropriate case in which to provide personalized notice to folks like the petitioner. But there's a difference between FAA determining in its discretion that it's inappropriate, that it is appropriate, and concluding that the FAA order requires them to There's certainly no abuse of that discretion, because again, the notice was on the public website from FAA's perspective. Petitioners, you know, at the time it was making its decision, petitioners had been able to come in before without receiving personalized notice. Is the website in the record, though? I mean, you referenced somewhere else that referenced the fact of it being on the website, but is the website in the record? No, Your Honor, the underlying website itself is not in the record, but again, that nobody has a public notice on that website. Okay, well, counsel, the issue isn't whether anyone's disputed it, it's whether you can point to something in the record for us to look at, because I felt your answer did not respond to Judge Bress's question. Yes, Your Honor, with respect to the question as to whether or not there's something in the record the public website, I want to make sure that I'm not being misleading at all with the court. The public website notice itself is not part of this administrative record, but the no hazard determinations that are the now final agency action that's on review do note that the notice was publicly circulated on the FAA's website. Let's assume you're right about that. If the petitioners here were entitled to personalized notice, does it matter whether the notice was also provided on a public website? If they were, which we do dispute, but if they were entitled to personalized notice, then this court would look back to the regulation, and it still wouldn't matter, because what the regulation says, once FAA is determining whether or not to grant one of these substantial aeronautical comment, but were not given the opportunity to state it. And here they can't say that, one, because it was on the FAA's public website, and that's an alternative means of notification, and two, because they did make all of these comments to the agency, and the agency addressed them, and there are no hazard determinations, so it's not a circumstance in which they genuinely weren't permitted to present those substantive aeronautical comments. But why weren't they given personalized notice? I mean, there was personalized notice that was sent to others, right? Why weren't these folks included on the list? There was personalized notice provided to the sponsor and to folks who had signed up for an email notification system, but FAA determined here that that type of personalized notice wasn't required with respect to petitioners. And then just jump into that. Was that a reason determination at the time, or is that, we're kind of looking at this now and it would have been reasonable not to do that? The, I mean, I can only speak to what's in the record, but that is a reasonable determination based on what FAA knew in the record and knew at the time, which was that petitioners had been able to comment without having personalized notice. And then if I might just jump really quickly to this prejudice point. Before you do that, I mean, we'll get to that, but it is curious. I mean, these folks had petitioned before, they had commented before, and they had commented before successfully. And they were successful in getting the agency to take another look at this. And so it's obvious that they were people who may become involved in specific aeronautical cases because they were such people already. So it's kind of curious that they weren't provided notice here. Your honors, I can't speak to anything that's not in the agency record, but what I can tell you is that even if your honors think that it might have been sort of a best practice to provide petitioners with notice here, the agency wasn't required to do so, and it was an abuse of its discretion not to do so. Counsel, before you get to your prejudice argument, I'd like your comment on this. There's a lot of law from the Supreme Court and otherwise in our circuit that if an agency doesn't consider an important part of a problem, that that is an abuse of discretion. And here the petitioners are raising a whole bunch of points that basically go to public safety and military or general aviation or other aircraft flying over the coastal range with a higher impediment there. And why shouldn't those issues be addressed? Yes. Yes, your honor. Absolutely. And thank you so much for the opportunity to clarify those. So those arguments were presented to the agency. The agency addressed them substantively in the no hazard determination and petitioners, notwithstanding the fact that their discretionary administrative petition was denied, were fully able to bring up all of those merits challenges to this court today. And it was their own litigation choices that caused them not to do so. And that's because under 49 U.S.C. 46110A, they actually can skip over the administrative petition proceeding entirely. And here there is an ample record as to FAA's decision, which is in its no hazard determination. And so I do just want to break that apart a little bit, if I might, so with respect to the majority of the comments in the second administrative petition are a subset of the comments that they submitted with respect to the first aeronautical study, which the first administrative decision found sort of one thing required for their study. It went back to the agency. The agency, again, in abundance of caution, described why all of those original comments weren't warranted. And then with respect to this one new issue, which is whether or not icing might be caused by some of the turbines, this actually is in the no hazard determination that's on review here, which is at 2 ER 104 and 109. Those wind turbines that might have caused that effect were actually withdrawn from the project. And so they couldn't possibly cause that effect. And that's in the no hazard determination. And that's supported further in the record in email correspondence, in FAA's technical email correspondence, which can be found at 4 ER 430. I mean, this would be a sounder argument if it was actually in the FAA's decision, because it sounds like a lot of these things the FAA could have said, there's no record of further comments from you. However, having reviewed this, we can tell you that these comments are meritless because 95% of them were already addressed and the 5% that were not addressed don't pertain to something that's part of the live project anymore. Then we could look at that and review that under the APA. But instead, the record is not really developed. It's almost coming to us completely fresh. No, Your Honor, I would respectfully disagree with that. The FAA answered that question, and it's no hazard determination. And petitioners were fully able to bring up all of those concerns that that consideration and that no hazard determination was insufficient to this court today. And there are real world consequences to sending it back for what would essentially be a futile remand. But what's the point in being able to bring them up here today if they weren't considered by the agency? Yes, Your Honor, but they were considered by the agency. Well, how do we know that? That's the problem. We don't know that. Yes, Your Honor. And so that's why we directed this court in our briefing, and I'm discussing it today, that it is actually sort of contrary to what petitioners' arguments are. It is actually in the no hazard determination that FAA marched through their different comments and that also with respect to this wind, this potential icing issue, that's also in the record. And how different were the comments for the second petition? How different were they than the comments for the first petition? So they were almost entirely the same. There are two exceptions. The first exception is the one that we were just talking about, which relates to wind turbines that were withdrawn from the project. And the second exception, and the second one was that, was one which related to how many flights might be impacted. And this is why remands would be futile. Their petitioners in their administrative petition made an incorrect argument saying that FAA had said that there would be a daily impact, which would be a significant volume of aircraft flights, which would then be a substantial adverse effect. So they make that argument at 2 ER 7, but if you actually look to the underlying citation to the agency's decision at 2 ER 111, FAA concludes precisely to the contrary, that there would be less than one flight. So this whole thing is your prejudice point? Yes, this also goes to the prejudice point. It goes primarily to the prejudice point, and that's under this court's jurisprudence in steamboaters, which is in alignment with the jurisprudence of the Supreme Court and other circuits. When there's a purely procedural challenge like this, it is petitioners' burden to show both a failure to substantially comply, not sort of just, it would have been a better idea for them to do something, but they really failed to substantially comply, and it is their burden to show that there was substantial prejudice. And here they just can't do that because FAA already weighed in on their comments with respect to the majority of the comments in the second administrative petition, and to the extent that FAA, that they hadn't raised those two new comments to FAA before, there is ample record evidence that those are just incorrect, and so they can't proceed here. And then unlike many other statutory schemes, you know, in a lot of statutory schemes, we're sort of used to, you have to successfully administratively exhaust before you can bring the merits to this court, and that's just not the case with this highly specialized FAA scheme. And again, if the court were to do what would be a futile remand, there are real-world consequences, and that it would cause that delay of going back and coming back to this court just to rehear the same merits concerns that petitioners could have raised today. In the meantime, that delay causes significant uncertainty for the developers of this WIN project, particularly in a case like this in which the no-hazard determinations are only valid for 18 months at a time. Okay. Well, counsel, it looks like your time is up, but I would like you to address a further question. It seems to me, so I guess I'll ask this as a question. Wouldn't it be a better procedure for the public if the agency permitted Mr. Volker's group to file their petition and then respond to that petition on the merits with all your reasoning as to why you think it's wrong and futile and whatever else? Because Mr. Volker argued that your first provisions didn't address all their concerns. No, Your Honor. Respectfully, we disagree that our determinations did not already address those concerns, and when counterbalanced against the fact that petitioners could have raised any remaining issues that they had with those on the merits here, and frankly, we were surprised that they did not, and the fact that it has real-world consequences on the developers of this WIND Energy project, we don't think that would be the better course in this particular case, given this particular statutory scheme. Given the nature of the administrative process here, which is discretionary, which is a little unusual, were the petitioners required to challenge the underlying no-hazard determination here, or could they limit it to, which is essentially an arbitrary and capricious challenge, to the denial of a discretionary review, which is what they've done? No, Your Honor. So it's our position that because 49 U.S.C. 46110 says that you have 60 days from the final decision, and so what happens under the FAA's regulation is once an administrative petition is denied, then the no-hazard determination becomes final, and so they are, under the FAA's regulation, they are actually not, that's the sort of what happened in the request for review. Do you think that would now be untimely? Exactly. That would be untimely with the way that this particular system works. All right. Thank you, counsel. Thank you very much. Rebuttal. Let's have two minutes. Mr. Volker, can you address the prejudice argument? Yes. The petitioners were prejudiced in several respects. First of all, not all of the objections and concerns raised in the 2020 administrative petition for review were addressed in the subsequent aeronautical study. In fact, most of them were not. So once that came out and we saw it and saw that the issues we'd already raised had not been adequately addressed, we had no agency substantive response to them still. In addition, the 2021 administrative petition for review raised additional issues, which likewise were never considered by the agency because, by its own statements, it simply rejected the 2021 administrative petition for review out of hand solely on the procedural ground that comments had not been addressed. There is prejudice both in terms of the 2020 comments that were never addressed and, in addition, the 2021 comments that were never addressed. What we have here, Your Honors, is a classic case of a post hoc rationalization fashioned by an attorney to defend an agency decision that actually never happened. There was no FAA determination to address the issues raised in the petitioner's administrative petition for review in 2021. There was the polar extreme of that. There was simply an agency refusal to consider that administrative petition for review. So, therefore, the petitioners were never afforded the administrative agency review to which they were entitled under the statute and under the regulations. That, after all, the entire purpose of providing for administrative review by the FAA is to weed out issues that are not meritorious and to preserve for careful agency consideration those issues which are meritorious and then to provide any potential reviewing court with the agency's reasoned examination of the issues raised in good faith by petitioners. Here we have the good faith raising of important issues of public safety by the public, but we have, on the other side, no reasoned response by the agency. And it would be a waste of this court's time for petitioners to attempt to address issues that the agency, in the first instance, never did address. You're over your time. May I ask one more question, Judge Rollinson? Very quickly, can you respond briefly to the FAA's argument that the website was put in the no-hazard determination? I actually do not recall seeing that because it, I mean, frankly, it's not relevant at this point since the agency's own rules required particularized notice. Petitioners reasonably relied on the regulations. Petitioners, moreover, relied on Manager Gonzalez's direction that the operative FAA Order 7400.2 be complied with. And, I mean, this is a case where we had already sort of explored the agency's procedure. We had complied with them fully in 2020. We had provided all the reasoned arguments. We had received, ultimately, a decision setting aside the 2020 determinations of no hazard. And, surely, it's appropriate for counsel when an agency has responded in that manner with particularized notice to counsel saying, yes, we have reversed the agency decision. We appreciate your comments. And, by the way, the decision we are issuing tells the agency it must provide the notice required by our own regulations. Surely, it's appropriate for counsel to then rely on those representations, rely on the rules, and then trust that notice would be afforded to counsel as required by the rules. Otherwise, the whole system... All right, counsel, we understand your argument. You've exceeded your time, and I think you've answered the question. I'm sorry. Thank you very much. I apologize. No worries. Thank you very much to both counsel for your arguments. The case just argued is submitted for decision by the Court.
judges: GOULD, RAWLINSON, BRESS